United States District Court
Eastern District of Michigan
Southern Division

United States of America,

Case No. 24-20116

v.

Hon. Nancy G. Edmunds

D-1 Michael Lamar Smith-Ellis,

Defendant.
_____/

# Plea Agreement

The United States of America and the defendant, Michael Lamar Smith-Ellis, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Count of Conviction

The defendant will plead guilty to Count 3 of the indictment. Count 3 charges the defendant with using, carrying and brandishing a firearm during and in relation to a crime of violence, aiding and abetting, under 18 U.S.C §§ 924(c)(1)(A)(ii) and 2.

## 2.    Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 3 | Term of imprisonment: | Not less than 7 years (84 months) and up to life in prison |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 5 years |

The defendant understands that Count 3 requires a mandatory minimum sentence of 84 months' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

## 3.    Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Counts 1 and 2 (robbery of mail and other property of the United States

by use of a dangerous weapon) and Count 4 (stealing or unlawfully possessing keys adopted by the post office) of the indictment.

## 4.    Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional mail theft, access device fraud, wire fraud, or aggravated identity theft charges against the defendant for his theft of mails and use of stolen identity and credit card information obtained from the stolen mails to make fraudulent purchases and engage in other fraudulent activities between April and October 2023.

## 5.    Elements of Count of Conviction

The elements of Count 3 are:

1. The crime of using, carrying and brandishing a firearm during and in relation to a crime of violence, described below, was committed;

2. The defendant helped to commit or encouraged someone else to commit the crime of using, carrying and brandishing a firearm during and in relation to this crime of violence; and

3. The defendant intended to help commit or encourage the crime of using, carrying and brandishing a firearm during and in relation to a crime of violence.

The elements of using, carrying and brandishing a firearm during and in relation to a crime of violence are:

1. The defendant committed a crime of violence, that is, robbery of mail and other property of the United States by use of a dangerous weapon, described below;

2. The defendant knowingly used, carried, and brandished a firearm; and

3. The use, carrying, and brandishing of the firearm were during and in relation to the crime of violence.

The elements of robbery of mail and other property of the United States by use of a dangerous weapon are:

1. The defendant intentionally took, from the presence of the person described in the indictment, any mail matter or any other property of the United States then in the lawful charge, control or custody of that person;

2. The defendant took the property by means of force and violence or by means of intimidation; and

3. While committing the robbery, the defendant jeopardized the life of the person described in the indictment by using a dangerous weapon (firearm).

**6.   Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

**Page 4 of 20**

On September 25, 2023, the defendant and others robbed Victim 1, who was a United States Postal Service (USPS) mail carrier, at gun point in Taylor, Michigan (Eastern District of Michigan). At the time of the robbery, Victim 1 was filling USPS mailboxes as part of her official mail carrier duties. Fearing for her life, Victim 1 gave up the USPS arrow key that she possessed as part of her official duties (to gain access to USPS mailboxes and receptacles). The defendant and others took the arrow key and drove off in a truck that had been rented by the defendant. The key taken from Victim 1 was later located in the defendant's house on Winthrop Street, Detroit, MI.

On October 24, 2023, the defendant and others robbed Victim 2, who was a United States Postal Service (USPS) mail carrier, at gunpoint in Northville, Michigan (Eastern District of Michigan). At the time of the robbery, Victim 2 was filling USPS mailboxes as part of her official mail carrier duties. The defendant and a coconspirator approached Victim 2 with a firearm (which was registered to the defendant) knowing in advance that it would be used and brandished to assault and intimidate the mail carrier during the robbery. Indeed, as the defendant and his coconspirator got close to Victim 2, one of them

pointed the firearm near the mail carrier's stomach and told her not to move. They asked Victim 2 where her key was, referring to the USPS arrow key that she possessed as part of her official mail carrier duties (to gain access to USPS mailboxes and receptacles). Fearing for her life, Victim 2 showed the defendant and his coconspirator where the arrow key was located.  The defendant and his coconspirator took the arrow key and drove off in a car that had been rented by the defendant.

## 7.  Advice of Rights

The defendant has read the indictment, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.     The right to confront and cross-examine adverse witnesses at trial;

F.     The right to testify or not to testify at trial, whichever the defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.      The right to compel the attendance of witnesses at trial.

## 8.     Collateral Consequences of Convictions

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold

certain licenses or to be employed in certain fields. The defendant

understands that no one, including the defendant's attorney or the

Court, can predict to a certainty what the additional consequences of

the defendant's convictions might be. The defendant nevertheless

affirms that the defendant chooses to plead guilty regardless of any

immigration or other consequences from his convictions.

## 9.    Defendant's Guideline Range

### A.    Court's Determination

The Court will determine the defendant's guideline range at

sentencing.

### B.    Acceptance of Responsibility

The government recommends under Federal Rule of Criminal

Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a). Further, if the

defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government

recommends that the defendant receive an additional one-level

reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.   Other Guideline Recommendations

The parties have no other joint recommendations as to the defendant's guideline calculation.

### D.   Factual Stipulations for Sentencing Purposes

The parties have no additional factual agreements for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any

position or make any statement that is inconsistent with any of the

guideline recommendations or factual stipulations in paragraphs 9.B,

9.C, or 9.D. Neither party is otherwise restricted in what it may argue

or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw

from this agreement or withdraw his guilty plea if he disagrees, in any

way, with the guideline range determined by the Court, even if that

guideline range does not incorporate the parties' recommendations or

factual stipulations in paragraphs 9.B, 9.C, or 9.D. The government

likewise has no right to withdraw from this agreement if it disagrees

with the guideline range determined by the Court.

## 10.    Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the

Court must calculate the applicable guideline range at sentencing and

must consider that range, any possible departures under the sentencing

guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

## B.    Imprisonment

### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends an 84-month sentence of imprisonment on Count 3.

### 2.    No Right to Withdraw

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 5-year term of supervised release.

#### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.    Fines

The parties have no agreement as to a fine.

### E.    Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on

restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**F.     Forfeiture**

The defendant agrees, under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), to forfeit all firearms and ammunition involved in or used in the commission of his offense, including one Glock, Model 19, 9mm, handgun, bearing serial number BEBV650, and one Arsenal, Model SAM7K, 7.62 mm, firearm, bearing serial number KP602483, and related magazines and ammunition.

Defendant also agrees to forfeit to the United States the firearms located in his residence at on Winthrop Street in Detroit, Michigan 48235.

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following the defendant's guilty plea, upon application by the United States as mandated by Fed. R. Crim. P. 32.2. The defendant agrees that the forfeiture order will become final as to the defendant at the time entered by the Court.

The defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant further waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed. R. Crim. P. 11(b)(1)(J).

The defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the firearm and ammunition referenced above.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described

forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $ 100, due immediately upon sentencing.

## 11.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the statutory maximum.

## 12.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to

challenge his conviction or sentence on any grounds under 28 U.S.C.
§ 2255 (except for properly raised ineffective assistance of counsel or
prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241,
or Federal Rule of Civil Procedure 59 or 60.

## 13. Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty plea or breaches
this agreement, or if the Court rejects this agreement, or if the
defendant's conviction or sentence under this agreement is vacated, the
government may reinstate any charges against the defendant that were
dismissed as part of this agreement and may file additional charges
against the defendant relating, directly or indirectly, to any of the
conduct underlying the defendant's guilty plea or any relevant conduct.
If the defendant has been permitted to plead guilty to a lesser-included
offense, the government may also reinstate any charges or file any
additional charges against the defendant for the greater offense, and
the defendant waives his double-jeopardy rights with respect to the
greater offense. If the government reinstates any charges or files any
additional charges as permitted by this paragraph, the defendant
waives his right to challenge those charges on the ground that they

were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**14.   Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**15.   Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**16.   Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant

at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**17.   Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 P.M. on February 7, 2025. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Julie A. Beck
Acting United States Attorney

_____
Sara Woodward
Chief, General Crime Unit
Assistant United States Attorney

_____
Nhan Ho
Assistant United States Attorney

Dated: 1/24/2025

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

Randall Roberts
Attorney for Defendant

Dated: 02/01/2025

Michael Lamar Smith-Ellis
Defendant